COWART, Judge.
This is an appeal of a non-final order denying the appellant’s motion to set aside a clerk’s default.
*1138 Appellee, Bruce Barber, brought a premises liability action against appellant, Orlando Sandpiper Partners, Ltd. (Sandpiper). Sandpiper’s resident agent was served with the complaint and summons, and he promptly forwarded it to a New York law firm which has previously represented Sandpiper. However, unbeknownst to either Sandpiper or the resident agent, this New York law firm had disbanded and Rosenblum, the firm member who normally handled Sandpiper’s legal matters, had recently left the firm and moved to a different New York law firm. By the time Rosenblum finally received the complaint and summons, thirty-five days had passed and a clerk’s default had been entered against Sandpiper.
Sandpiper retained local counsel who promptly moved to set aside the default, and filed an answer and several supporting affidavits from the president of Sandpiper’s corporate general partner, its resident agent, and two of Sandpiper’s New York attorneys, including Rosenblum. Reasoning that Sandpiper had failed to establish “excusable neglect,” the trial court denied the motion. We reverse.
Sandpiper’s tardy answer to the complaint was not caused by its negligence or the negligence of any of its agents or employees. Instead, this tardiness was directly caused by the intervening negligence of unknown third parties at the location of Rosenblum’s former firm in New York who failed to promptly forward the complaint and summons to Rosenblum. We find these facts sufficiently established excusable neglect and that the clerk’s default should have been vacated.[1] Accordingly, the appealed order is reversed and the cause remanded for further proceedings.
REVERSED and REMANDED.
DAUKSCH and DANIEL, JJ., concur.

. Appellees concede on appeal that Sandpiper presented a meritorious defense in its answer and acted with diligence after discovering the default.